IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AL DORSEY,

    Plaintiff,

v.

DAVID B. SCHUMACHER, P.C.,

    Defendant.

Case No. 3:14-cv-1190-SI

**OPINION AND ORDER**

Joshua Trigsted, TRIGSTED LAW GROUP, P.C., 5200 SW Meadows Road, Suite 150, Lake Oswego, OR 97035. Of Attorneys for Plaintiff.

Jonathan M. Radmacher and Katie Jo Johnson, McEWEN GISVOLD LLP, 1100 SW Sixth Avenue, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

    Plaintiff brings claims under the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff alleges, first, that Defendant is a debt collector whose initial communication with Plaintiff insufficiently notified him of his rights under 15 U.S.C § 1692g(a) and overshadowed his rights under § 1692g(b). Plaintiff next alleges that Defendant's communications were misleading under § 1692e(10). Defendant moves for summary judgment on the grounds that Plaintiff's claim is time-barred, that Defendant's communications were not an "initial communication" as defined in

the FDCPA, and that Defendant's communications did not violate the FDCPA as a matter of law. Plaintiff moves for partial summary judgment on directly opposite grounds. For the reasons below, Defendant's and Plaintiff's motions are both granted in part and denied in part.

## STANDARD

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge," the "mere existence of a scintilla of evidence in support of the [non-movant's] position [is] insufficient" to avoid summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

Where parties file cross-motions for summary judgment, the court "evaluate[s] each motion separately, giving the non-moving party in each instance the benefit of all reasonable inferences." *A.C.L.U. of Nev. v. City of Las Vegas*, 466 F.3d 784, 790-91 (9th Cir. 2006) (quotation marks and citation omitted); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2010) ("Cross-motions for summary judgment are evaluated separately under [the] same standard."). In evaluating the motions, "the court must consider each party's evidence, regardless under which motion the evidence is offered." *Las Vegas Sands, LLC v. Nehme*, 632

PAGE 2 – OPINION AND ORDER

F.3d 526, 532 (9th Cir. 2011). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). Thereafter, the non-moving party bears the burden of designating "specific facts demonstrating the existence of genuine issues for trial." *Id.* "This burden is not a light one." *Id.* The Supreme Court has directed that in such a situation, the non-moving party must do more than raise a "metaphysical doubt" as to the material facts at issue. *Matsushita*, 475 U.S. at 586.

## BACKGROUND

Defendant is an attorney who was retained by Columbia Collection Service to collect on a judgment obtained against Plaintiff Alfred Dorsey and his wife, April Dorsey (who is not a party to this suit). To that end, Defendant issued three writs of garnishment against Plaintiff's wages: one in 2007 and two more in August 2013 and October 2013. Oregon law requires that four documents be delivered to the debtor when his property is garnished: a copy of the writ of garnishment, a debt-calculation form, a notice-of-exemptions form, and a challenge-to-garnishment form (collectively, the "garnishment papers"). Or. Rev. Stat. § 18.658. Accordingly, in connection with each garnishment, Defendant mailed Plaintiff an envelope containing those four documents. Additionally, treating each such mailing as an "initial communication" under the FDCPA, Defendant included in each envelope a fifth document: a notice that Plaintiff had certain rights. *See* 15 U.S.C. § 1692g(a).

At the time of the 2007 garnishment, Plaintiff was incarcerated at the Multnomah County Justice Center. Plaintiff asserts that he never received the 2007 communication. Defendant asserts that the 2007 communication was jointly mailed to Plaintiff and his wife at their last known home address, and that the mailing was not returned as undeliverable. Because neither

PAGE 3 – OPINION AND ORDER

party contests the other's factual allegations and the two allegations are not inconsistent with each other, the Court treats both as true for purposes of summary judgment.

Plaintiff filed suit in July 2014—within a year of the 2013 garnishments, but several years after the 2007 garnishment.

## DISCUSSION

The FDCPA defines certain rights and obligations of debtors and debt collectors under federal law. Plaintiff brings his claims under two provisions of the FDCPA: First, 15 U.S.C. § 1692g defines the obligations of a debt collector in connection with its "initial communication" with a consumer and during the period immediately thereafter. Second, § 1692e broadly prohibits debt collectors from using "false, deceptive, or misleading representation[s]" to collect on a debt. The Court considers each in turn before discussing Plaintiff's damages.

### A. Notice Requirement

The FDCPA requires debt collectors, within five days of an "initial communication" concerning a debt, to "send the consumer" written notice of certain rights he has in connection with the debt. § 1692g(a). One of the consumer's rights under the FDCPA is a 30-day period from receipt of the notice within which the consumer may dispute the validity of the debt or request the identity of the original creditor. § 1692g(a). This 30-day window is known as the "validation period." *Feightner v. Asset Sys., Inc.*, 2014 WL 1571627, at *4 (D. Or. Apr. 18, 2014). The FDCPA also prohibits debt collectors from communicating with a consumer in a way that "overshadows" or is "inconsistent with" the consumer's validation rights, both in the initial communication and during the validation period. § 1692g(b).

Plaintiff claims that Defendant's communications violated § 1692g(a) by providing an insufficient notice of rights and § 1692g(b) by overshadowing the notice with the garnishment papers. Defendant argues that he is entitled to summary judgment because any claim with respect

PAGE 4 – OPINION AND ORDER

to the 2007 mailing is time-barred and because the 2013 mailings were not "initial communication[s]" subject to the requirements of § 1692g.

### 1. Statute of Limitations

All claims under the FDCPA must be brought "within one year from the date on which the violation occurs." § 1692k(d). The Ninth Circuit, however, has held that the one-year limitations period in § 1692k(d) follows the "general federal rule" that a statute of limitations "begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 939-41 (9th Cir. 2009) (quotation marks omitted).

Here, because Plaintiff never received the 2007 mailing, he never knew of his injury. Moreover, Plaintiff's complaint, filed in July 2014, is limited to Defendant's actions "[w]ithin the past year." Complaint (Dkt. 1) ¶ 8; Amended Complaint (Dkt. 8) ¶ 8. Plaintiff's complaint therefore refers not to Defendant's 2007 mailing, but to Defendant's 2013 mailings, with respect to which Plaintiff's claims are not time-barred.[1]

### 2. Initial Communication

The FDCPA defines a "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." § 1692a(2). But only a debt collector's "*initial* communication" with a debtor is subject to the notice requirement. *See* § 1692g(a) (emphasis added). Under its ordinary meaning, "there can only be *one* 'initial

---

[1] The Court accordingly does not decide whether the statute of limitations on any claim regarding the 2007 mailing has run. Defendant has presented evidence that raises the presumption—unrebutted by Plaintiff—that Plaintiff's wife did receive the 2007 mailing. *See Mahon v. Credit Bureau of Placer Cnty. Inc.*, 171 F.3d 1197, 1202 (9th Cir. 1999) (explaining the common-law mailbox rule). Whether receipt by Plaintiff's wife while Plaintiff was incarcerated constitutes "reason" for Plaintiff to know of his injury, *cf. Mangum*, 575 F.3d at 935, was neither briefed nor argued, and need not be decided because Plaintiff has not brought a claim regarding the 2007 mailing.

communication' between a debt collector and a consumer, and any communication that follows the 'initial communication' is necessarily *not* an 'initial' communication." *Derisme v. Hunt Leibert Jacobson, PC*, 2010 WL 4683916, at *5 (D. Conn. Nov. 10, 2010) (emphasis in original). Thus, of the three mailings at issue—one in 2007 and two in 2013—at most one can be an "initial communication."

Plaintiff argues that because he never received the 2007 mailing, the information in it was not "convey[ed]" to him and therefore it was not a communication at all. *Cf.* § 1692a(2). The Ninth Circuit, however, has held that for purposes of § 1692g(a), "the word 'communication' functions solely as a vehicle of information, whereas the word 'sent' operates as the active verb identifying the requisite action." *Mahon v. Credit Bureau of Placer Cnty. Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999). Therefore, an initial communication is complete and triggers the notice requirement upon being "sen[t]"—whether or not it is received. *See* § 1692g(a).

Under this analysis, Defendant's 2007 mailing was the "initial communication" under § 1692g. His 2013 mailings, on the other hand, were *subsequent* communications. Because Plaintiff brings claims only regarding those subsequent communications—to which § 1692g does not apply—Defendant is entitled to summary judgment on Plaintiff's § 1692g claims.

**B. False and Misleading Representations**

In addition to the requirements of § 1692g, the FDCPA contains a "catchall" provision prohibiting debt collectors from using "false, deceptive, or misleading representation[s]" to collect on a debt. § 1692e(10); *see Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011). This provision is not limited to initial communications. Plaintiff claims that Defendant's 2013 mailings were misleading because they contained seemingly contradictory notices. Defendant argues that he was merely complying with both the FDCPA and Oregon's statutory garnishment procedures. Plaintiff has the better of this argument.

PAGE 6 – OPINION AND ORDER

Alleged violations of § 1692e are analyzed from the perspective of the least-sophisticated debtor. *Gonzales*, 660 F.3d at 1061. This standard seeks to protect consumers of "below average sophistication or intelligence" or who are "uninformed and naïve." *Id.* at 1062 (quotation marks omitted). Accordingly, a debt collector's correspondence might violate § 1692e even when a *reasonable* debtor would not be deceived or misled. On the other hand, the least-sophisticated debtor does have "a basic level of understanding and willingness to read with care"; a debt collector is not subject to liability for "bizarre, idiosyncratic, or peculiar misinterpretations." *Id.* (quotation marks omitted).

Here, Defendant's 2013 mailings contain at least one inconsistency that could mislead the least-sophisticated debtor. The challenge-to-garnishment form, in all-capitals lettering, admonishes the debtor that he "MAY <u>NOT</u> USE THE CHALLENGE TO GARNISHMENT FORM TO CHALLENGE THE VALIDITY OF THE DEBT." Dkt. 24-3 at 3. Moreover, it threatens various penalties for filing the form in bad faith. On the next page, however, the FDCPA notice informs the debtor that he *must* dispute the validity of the debt within 30 days or the debt collector will assume the debt is valid. *Id.* at 4.

In combination, the two statements are ambiguous and seemingly contradictory. The least-sophisticated debtor might understand "either (1) the consumer cannot challenge the debt at all or (2) the consumer can challenge the underlying debt, just not through the garnishment forms." *Adams v. David B. Schumacher, PC*, 2014 WL 6977695, at *8 (D. Or. Dec. 9, 2014). A debt-collection letter is deceptive where it can "reasonably [be] read to have two or more different meanings, one of which is inaccurate." *Gonzales*, 660 F.3d at 1061 (quotation marks omitted). In combination, therefore, the two statements are deceptive.

PAGE 7 – OPINION AND ORDER

In addition, the challenge-to-garnishment form provides 30- and 120-day timelines for challenging the garnishment and directs that challenges be mailed to the Court Administrator. The language of the FDCPA notice, by contrast, provides only a 30-day window for validation and directs that validation requests be mailed to the debt collector. The relationship between these provisions is far from clear and the least-sophisticated debtor is likely to read them, incorrectly, as being in conflict.

The underlying issue is that the challenge-to-garnishment form and the FDCPA notice *both* provide the debtor with ways to challenge the collection action. But the two challenges rely on different theories—one challenges the target of the garnishment, while the other challenges the underlying debt. Moreover, the two challenges are exercised using separate mechanisms. The least-sophisticated debtor, who reads with care but does not possess the lawyer's skill in parsing technical legal documents, may easily confuse the two forms of challenge.

Defendant argues that the wording on the challenge-to-garnishment form is required by Oregon statute and that the FDCPA notice is required by federal law. That may be true. But neither Oregon nor federal law prevents Defendant from explaining the ambiguity and seeming contradictions between the challenge-to-garnishment form and the FDCPA notice, especially when both forms are sent together in one envelope. Such an explanation is necessary to prevent the combination of the two from misleading the least-sophisticated debtor. *Cf. Adams*, 2014 WL 6977695, at *8 (holding that the garnishment papers overshadowed the FDCPA notice). Because no such explanation was provided, Plaintiff is entitled to summary judgment on this claim.

## C. Damages

The FDCPA provides that a debt collector who violates its provisions with respect to a particular debtor will be liable to that debtor in the amount of the debtor's actual damages, reasonable attorney's fees, and "such additional damages as the court may allow, but not

PAGE 8 – OPINION AND ORDER

exceeding $1,000." § 1692k. The Court awards $1,000 in statutory damages, with further proceedings, if necessary, to be scheduled to determine the amount of actual damages, if any.

## CONCLUSION

Because Defendant's mailings of August and October 2013 were not "initial communications" regarding Plaintiff's debt, Defendant's motion for summary judgment (Dkt. 10) is GRANTED with respect to Plaintiff's § 1692g claim and DENIED in all other respects. Because those same mailings were misleading and deceptive to the least-sophisticated debtor, Plaintiff's motion for partial summary judgment (Dkt. 13) is GRANTED with respect to Plaintiff's § 1692e claim and DENIED in all other respects.

**IT IS SO ORDERED**.

DATED this 11th day of February, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge